# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF TENNESSEE
## NASHVILLE DIVISION

| | |
|---|---|
| PAULA KUYAT, Individually and On Behalf of All Others Similarly Situated, ) | **No. 3:11-cv-00653** |
| ) | |
| Plaintiffs, ) | |
| ) | CLASS ACTION |
| v. ) | |
| ) | |
| BIOMIMETIC THERAPEUTICS, INC., ) | Judges Sharp/Griffin |
| SAMUEL E. LYNCH, and LAWRENCE E. ) | |
| BULLOCK, ) | |
| ) | |
| Defendants. ) | |

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT
OF THE MOTION OF CHARLES M. SARAFIN FOR APPOINTMENT AS
LEAD PLAINTIFF AND APPROVAL OF LEAD AND LIAISON COUNSEL**

Charles M. Sarafin ("Sarafin") respectfully submits this Memorandum of Points and Authorities in support of his motion, pursuant to Section 21D(a)(3) of the Securities Exchange Act of 1934 (the "Exchange Act"), 15 U.S.C. § 78u-4(a)(3), as amended by the Private Securities Litigation Reform Act of 1995 (the "PSLRA") and Rule 42 of the Federal Rules of Civil Procedure, for an Order: (1) appointing Sarafin as Lead Plaintiff on behalf of all persons and entities that purchased or otherwise acquired securities of BioMimetic Therapeutics, Inc. ("BioMimetic" or the "Company"); (2) approving his selection of the law firm of Pomerantz Haudek Grossman & Gross LLP ("Pomerantz") as Lead Counsel and Bramlett Law Offices ("Bramlett") as Liaison Counsel for the Class; and (3) granting such other and further relief as the Court may deem just and proper.

## PRELIMINARY STATEMENT

This is a securities class action lawsuit on behalf of all persons and entities that purchased or otherwise acquired BioMimetic securities during the period between October 14, 2009 and May 11, 2011, both dates inclusive (the "Class Period"). This action is brought pursuant to sections 10(b) and 20(a) of the Exchange Act, 15 U.S.C. §§ 78j(b) and 78t(a), and Securities and Exchange Commission ("SEC") Rule 10b-5, 17 C.F.R. § 240.10b-5.

Pursuant to the PSLRA, the court appoints as lead plaintiff the movant who possesses the largest financial interest in the outcome of the action and who otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure. 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I). Sarafin believes that he is the "most adequate plaintiff" as defined by the PSLRA and should be appointed Lead Plaintiff in this action. Sarafin has the largest financial interest in the relief sought in this action by virtue of his substantial investments in BioMimetic during the Class Period, and the losses he suffered as a result of Defendants' misconduct. Sarafin

2

further satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure as an adequate representative of the Class whose claims are typical of the other Class members. Accordingly, Sarafin respectfully submits that he should be appointed Lead Plaintiff.

## STATEMENT OF FACTS

BMTI's product, Augment™ Bone Graft ("Augment"), is a fully synthetic, off-the-shelf bone growth factor product for the treatment of bone defects and injuries. The Company's primary focus is obtaining market approval for Augment, and preparing for the anticipated commercial launch of Augment in the United States, the European Union and Australia.

Throughout the Class Period, Defendants conditioned investors to believe that FDA approval of Augment would be forthcoming through a host of materially false and misleading statements regarding the status of Augment's ongoing clinical studies, and the safety and efficacy of the Company's product. Specifically, Defendants made false and/or misleading statements and/or failed to disclosure material facts regarding: (a) the Company's business, operations, management, future business prospects and the intrinsic value of BMTI's common stock; (b) the safety and efficacy of Augment and its prospects for FDA approval; and (c) the woeful inadequacies of Augment's clinical trials. As a result of the foregoing, the Company's statements were materially false and misleading at all relevant times.

On May 10, 2011, in advance of a meeting by the FDA's Orthopedic and Rehabilitation Devices Panel of the Medical Devices Advisory Committee (the "Panel") on May 12, 2011, the FDA published briefing documents on Augment. The briefing documents were scathing in their assessment of the conduct of the clinical trial, stating that the "FDA still has clinical concerns with the safety and overall risk/benefit of the device at this time, primarily due to the unanswered question of safety in regards to the potential for cancer formation versus an unproven benefit in

3

the current standard for care." In addition, the FDA cited a number of concerns regarding the results of the clinical trial, and the manner in which it was conducted, including: 1) the pool of participants in the trial was too small; 2) Augment was not as successful as autologous grafts in an important group of patients called the "intent to treat" group; and 3) the results of the trial were not statistically significant compared to autologous grafts after three years.

Investors were shocked to learn the truth regarding the safety and efficacy of Augment, and the glaring deficiencies in the Company's clinical trials. As a result, BMTI's stock price plummeted approximately $4.73 – over 35% – and closed at $8.66 on unusually heavy volume.

On May 13, 2011, the Company disclosed that the Panel voted by a narrow margin of 10-8 in favor of Augment's efficacy. Such a narrow Panel vote makes it highly unlikely that the device will receive FDA approval without requiring additional trials, substantially delaying the launch of the product.

As a result of the news regarding the narrow Panel vote, BMTI shares declined nearly 12%, or $1.09, and closed at $8.10 per share.

## ARGUMENT

### I.      SARAFIN SHOULD BE APPOINTED LEAD PLAINTIFF

Section21D(a)(3)(B) of the PSLRA sets forth procedures for the selection of Lead Plaintiff in class actions brought under the Exchange Act. The PSLRA directs courts to consider any motion to serve as Lead Plaintiff filed by class members in response to a published notice of class action by the later of (i) 90 days after the date of publication, or (ii) as soon as practicable after the Court decides any pending motion to consolidate. 15 U.S.C. § 78u-4(a)(3)(B)(i) &(ii).

Further, under 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I), the Court is directed to consider all motions by plaintiffs or purported class members to appoint lead plaintiffs filed in response to

4

any such notice. Under this section, the Court "shall" appoint "the presumptively most adequate plaintiff" to serve as lead plaintiff and shall presume that plaintiff is the person or group of persons, that:

> (aa) has either filed the complaint or made a motion in response to a notice . . .;
>
> (bb) in the determination of the Court, has the largest financial interest in the relief sought by the class; and
>
> (cc) otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure.

15 U.S.C. § 78u-4(a)(3)(B)(iii)(I); *In re UBS Auction Rate Sec. Litig.*, 2008 U.S. Dist. LEXIS 56016 (S.D.N.Y. July 16, 2008).

As set forth below, Sarafin satisfies all three of these criteria and thus is entitled to the presumption that he is the most adequate plaintiff of the Class and, therefore, should be appointed Lead Plaintiff for the Class.

## A.      Sarafin Is Willing to Serve as a Class Representative

On July 6, 2011, counsel in the first-filed action, *Kuyat v. BioMimetic Therapeutics, Inc.*, Case No.3:11-cv-00653, caused a notice to be published over *Globe Newswire* pursuant to Section 21D(a)(3)(A)(i) of the PSLRA, which announced that a securities class action had been filed against the defendants herein, and advised investors of BioMimetic securities that they had until September 6, 2011, to file a motion to be appointed as Lead Plaintiff.  *See* Declaration of Paul K. Bramlett in Support of Charles M. Sarafin's Motion for Appointment as Lead Plaintiff and Approval of Lead and Liaison Counsel ("Bramlett Decl."), Ex. A.

Sarafin has filed the instant motion pursuant to the Notice, and has attached a certification attesting that he is willing to serve as Lead Plaintiff for the Class and provide testimony at deposition and trial, if necessary. *See* Bramlett Decl., Ex. B.  Accordingly, Sarafin satisfies the first requirement to serve as Lead Plaintiff or the Class.

## B. Sarafin Has The "Largest Financial Interest"

The PSLRA requires a court to adopt a rebuttable presumption that "the most adequate plaintiff . . . is the person or group of persons that . . . has the largest financial interest in the relief sought by the class." 15 U.S.C. § 78u-4(a)(3)(B)(iii).

As of the time of the filing of this motion, Sarafin believes that he has the largest financial interest of any of the movants with regard to the relief sought by the Class. Sarafin (1) purchased 1,000 shares of BioMimetic securities; (2) spent $9,450 on his purchases of BioMimetic securities; (3) sold all of his shares after the disclosure of the fraud; and (4) as a result of the disclosure of the fraud, Sarafin suffered a loss of $1,073. *See* Bramlett Decl., Ex. C. *See also In re Olsten Corp. Sec. Litig.*, 3 F. Supp.2d 286, 296 (E.D.N.Y. 1998); *Lax v. First Merch. Acceptance Corp.*, 1997 U.S. Dist. LEXIS 11866, at *7-*8 (N.D. Ill. Aug. 6, 1997). *Accord In re Am. Serv. Group, Inc. et al.,* 2006 U.S. Dist. LEXIS 61779, at *10 (M.D. Tenn. Aug. 28, 2006). Because Sarafin possesses the largest financial interest in the outcome of this litigation, he may be presumed to be the "most adequate" plaintiff. 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I)(bb).

## C. Sarafin Otherwise Satisfies the Requirements of Rule 23 of the Federal Rules of Civil Procedure

Section 21D(a)(3)(B)(iii)(I)(cc) of the PSLRA further provides that, in addition to possessing the largest financial interest in the outcome of the litigation, Lead Plaintiff must "otherwise satisfy the requirements of Rule 23 of the Federal Rules of Civil Procedure." Rule 23(a) generally provides that a class action may proceed if the following four requirements are satisfied:

> (1) the class is so numerous that joinder of all members is impracticable, (2) there are questions of law or fact common to the class, (3) the claims or defenses of the representative parties are

6

typical of the claims or defenses of the class, and (4) the representative parties will fairly and adequately protect the interests of the class.

In making its determination that Lead Plaintiff satisfies the requirements of Rule 23, the Court need not raise its inquiry to the level required in ruling on a motion for class certification; instead a *prima facie* showing that the movant satisfies the requirements of Rule 23 is sufficient. *Greebel v. FTP Software*, 939 F. Supp. 57, 60 (D. Mass. 1996). Moreover, "typicality and adequacy of representation are the only provisions relevant to a determination of lead plaintiff under the PSLRA." *In re Oxford Health Plans, Inc. Sec. Litig.*, 182 F.R.D. 42, 49 (S.D.N.Y. 1998) (citing *Gluck v. Cellstar Corp.*, 976 F. Supp. 542, 546 (N.D. Tex. 1997) and *Fischler v. Amsouth Bancorporation*, 176 F.R.D. 583 (M.D. Fla. 1997)); *In re Olsten Corp. Sec. Litig.*, 3 F. Supp. 2d at 296.

The typicality requirement of Fed. R. Civ. P. 23(a)(3) is satisfied where the named representative's claims have the "same essential characteristics as the claims of the class at large." *Danis v. USN Communs., Inc.*, 189 F.R.D. 391, 395 (N.D. Ill. 1999). "A class is typical if it arises from the same event or course of conduct that gives rise to claims of other class members and all claims are based on the same legal theory." *Id. See In re Am. Med. Sys.*, 75 F.3d 1069, 1082 (6th Cir. 1996). Indeed, the "similarity of legal theory may control even where factual distinctions exist between the claims of the named representatives and the other class members." *Danis*, 189 F.R.D. at 395.

Sarafin's claims are typical of those of the Class. He alleges, as do all class members, that defendants violated the Exchange Act by making what they knew or should have known were false or misleading statements of material facts concerning BioMimetic, or omitted to state material facts necessary to make the statements they did make not misleading. Sarafin, as did all

7

members of the Class, purchased BioMimetic securities during the Class Period at prices artificially inflated by defendants' misrepresentations or omissions and were damaged upon the disclosure of those misrepresentations and/or omissions. These shared claims, which are based on the same legal theory and arise from the same events and course of conduct as the Class claims, satisfy the typicality requirement of Rule 23(a)(3).

The adequacy of representation requirement of Rule 23(a)(4) is satisfied where it is established that a representative party "will fairly and adequately protect the interests of the class." The class representative must also have "sufficient interest in the outcome of the case to ensure vigorous advocacy." *Riordan v. Smith Barney*, 113 F.R.D. 60, 64 (N.D. Ill. 1986)). *See Craft v. Vanderbilt Univ.*, 174 F.R.D. 396, 405 (M.D. Tenn. 1996) (indicating that the district courts in the Sixth Circuit uses to two criteria to determine the adequacy of the representation: "'1) the representative must have common interests with the unnamed members of the class, and 2) it must appear that the representatives will vigorously prosecute the interests of the class through qualified counsel.'") (citing *Senter v. General Motors Corp.*, 532 F.2d 511, 525 n. 31 (6th Cir. 1976)).

Sarafin is an adequate representative for the Class. There is no antagonism between his interests and those of the Class and his losses demonstrate that he has a sufficient interest in the outcome of this litigation. Moreover, he has retained counsel highly experienced in vigorously and efficiently prosecuting securities class actions such as this action, and submit his choice to the Court for approval pursuant to 15 U.S.C. § 78u-4(a)(3)(B)(v).

**C.      Sarafin Will Fairly and Adequately Represent the
Interests of the Class and Is Not Subject to Unique Defenses**

The presumption in favor of appointing Sarafin as Lead Plaintiff may be rebutted only upon proof "by a purported member of the plaintiffs' class" that the presumptively most adequate plaintiff:

    (aa)    will not fairly and adequately protect the interest of the class; or

    (bb)    is subject to unique defenses that render such plaintiff incapable of adequately representing the class.

15 U.S.C. § 78u-4(a)(3)(b)(iii)(I).

Sarafin's ability and desire to fairly and adequately represent the Class has been discussed above. Sarafin is not aware of any unique defenses defendants could raise that would render him inadequate to represent the Class. Accordingly, Sarafin should be appointed Lead Plaintiff for the Class.

## II.    LEAD PLAINTIFF'S SELECTION OF COUNSEL SHOULD BE APPROVED

The PSLRA vests authority in the Lead Plaintiff to select and retain lead counsel, subject to the approval of the Court. 15 U.S.C. § 78u-4(a)(3)(B)(v); *Osher v. Guess?, Inc.*, 2001 U.S. Dist. LEXIS 6057, at *15 (C.D. Cal. Apr. 26, 2001). The Court should interfere with Lead Plaintiff's selection only when necessary "to protect the interests of the class." 15 U.S.C.§ 78u-4(a)(3)(B)(iii)(II)(aa).

Here, Sarafin has selected the Pomerantz law firm as Lead Counsel and the Bramlett law firm as Liaison Counsel. The Pomerantz firm is highly experienced in the area of securities litigation and class actions, and has successfully prosecuted numerous securities litigations and securities fraud class actions on behalf of investors as detailed in the firm's resume. *See* Bramlett Decl., Ex. D. Similarly, the Bramlett law firm has acted as liaison counsel and successfully prosecuted federal securities litigation. *See* Bramlett Decl., Ex. E. As a result of each firm's

9

extensive experience in litigation involving issues similar to those raised in this action, Sarafin's counsel have the skill and knowledge which will enable them to prosecute this action effectively and expeditiously. Thus, the Court may be assured that by approving Sarafin's selection of Lead and Liaison Counsel, the members of the class will receive the best legal representation available.

## CONCLUSION

For the foregoing reasons, Sarafin respectfully requests the Court to issue an Order (1) appointing Sarafin as Lead Plaintiff for the Class; (2) approving the Pomerantz firm as Lead Counsel and the Bramlett law firm as Liaison Counsel; and (3) granting such other relief as the Court may deem to be just and proper.

Dated: September 6, 2011
       Nashville, Tennessee

Respectfully submitted,

BRAMLETT LAW OFFICES
PAUL K. BRAMLETT #7387

By: /s/ PAUL KENT BRAMLETT
PAUL KENT BRAMLETT #7387
ROBERT PRESTON BRAMLETT #25895
2400 Crestmoor Road
P.O. Box 150734
Nashville, TN 37215-0734
Telephone: 615-248-2828
Facsimile: 866-816-4116
PKNASHLAW@AOL.COM
Robert@bramlettlawoffices.com

POMERANTZ HAUDEK
 GROSSMAN & GROSS LLP
Marc I. Gross
Jeremy A. Lieberman
100 Park Avenue
New York, New York 10017
Telephone: (212) 661-1100

10

Facsimile: (212) 661-8665

POMERANTZ HAUDEK
  GROSSMAN & GROSS LLP
Patrick V. Dahlstrom
Ten South LaSalle Street, Suite 3505
Chicago, Illinois60603
Telephone:     (312) 377-1181
Facsimile:     (312) 377-1184

Counsel for Movant and Proposed
Lead and Liaison Counsel for the Class

CERTIFICATE OF SERVICE

This is to certify that I have filed the above and foregoing *Memorandum of Points and Authorities In Support of the Motion of Charles M. Sarafin For Appointment As Lead Plaintiff and Approval of Lead and Liaison Counsel* on the Court's CM/ECF electronic filing system, and that by virtue of this filing, all attorneys of record will be served electronically with true and exact copies of this filing, as follows:

Glenn B. Rose
HARWELL, HOWARD, HYNE, GABBERT & MANNER
315 Deaderick Street
1800 First American Center
Nashville, TN 37238

Daniel E. Clark
Joel C. Haims
MORRISON & FOERSTER LLP
1290 Avenue of the Americas
New York, New York 10104

SO CERTIFIED this 6th day of SEPTEMBER, 2011.


s/*Paul Kent Bramlett*
PAUL KENT BRAMLETT